IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA SPRUILL, Individually and as Personal Representative of the Estate of PHILLIP SPRUILL, Deceased<br><br>Plaintiff<br>v.<br><br>School District of Philadelphia<br><br>and<br><br>WES Health Systems<br><br>Defendants. | CIVIL ACTION NO. _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff, Linda Spruill, by and through her undersigned counsel Laffey, Bucci & Kent LLP, hereby brings the following Complaint before this Honorable Court and avers the following in support thereof:

## **JURISDICTIONAL STATEMENT**

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1343, which gives district courts original jurisdiction over any civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), since all defendants reside in this district, and the events giving rise to the claims occurred in this district.

1

## PARTIES

3. Plaintiff Linda Spruill's decedent son, Phillip Spruill, was a student of Benjamin B. Comegys School, and fell victim to consistent, systemic, and systematic bullying and abuse by fellow students at Benjamin B. Comegys. On April 5, 2019, Phillip took his own life as a result of the deliberate indifference of Defendant School District of Philadelphia the acts and failures to act of the Defendant WES Health Services, as outlined below.

4. Plaintiff, Linda Spruill, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at 475 E Rittenhouse St., Philadelphia, PA 19144.

5. At all relevant times, Linda Spruill was the mother and natural guardian of decedent, Phillip Spruill.

6. Plaintiff, Linda Spruill, brings this action as the personal representative of the Estate of Phillip Spruill, on her own behalf and on behalf of all other statutory beneficiaries.

7. Under 42 Pa. C.S.A. § 8301(b), Phillip Spruill's potential wrongful death beneficiaries include: Jay Sean Spruill (brother), Jehki Spruill (brother), Khya Spruill (sister) and Phillip Spruill (father).

8. Defendant, School District of Philadelphia, operates the Benjamin B. Comegys School ("Comegys School"), a municipal entity and public school in the Commonwealth of Pennsylvania, organized and existing under the laws of Pennsylvania with a principle business address at 440 N Broad Street, Philadelphia, PA 19143, and it receives federal funds for the operation of the school.

9. Defendant, WES Health Systems, is a corporation or other business entity, organized and existing under the laws of Pennsylvania with a principal business address at 1315 Windram Avenue, Philadelphia PA, 19143.

10. At all relevant times, the Defendants acted by and through their employees and agents, actual and apparent, and/or ostensible for whom each Defendant is vicariously liable under Pennsylvania law.

11. At all relevant times, Defendant School District of Philadelphia was the recipient of Federal Financial Assistance. That assistance was intended to allow the school to accommodate the needs of students with disabilities, like Plaintiff's decedent son, Phillip Spruill.

## FACTUAL HISTORY

12. This action arises from the Defendants' collective failures, willful and wanton conduct, and deliberate indifference in disregarding Phillip Spruill's Individualized Education Program (IEP) at the Benjamin B. Comegys School, and the Defendants' deliberate indifference and/or willful and wanton failures to prevent the constant physical and mental abuse, bullying and torment that Phillip Spruill endured at the hands of his peers.  These collective failures directly caused Phillip Spruill harm, ultimately leading to him taking his own life at the incredibly young age of only 11 years old.

13. By way of background, Phillip Spruill was an eleven-year-old child who struggled with anxiety, depression and displayed clear learning disabilities and behavioral issues. He experienced years of bullying at another public school, John F. Hearttramp, within the Philadelphia School District, from first until third grade, before being transferred to Benjamin B. Comegys from third through fifth grades (2017-2019).

14. Plaintiff, Linda Spruill, repeatedly attempted to get an "Individualized Education Plan" or "IEP" started while he attended Hearttramp, but it was not provided until Phillip switched schools. Thereafter, it was not actually implemented, only in part, until approximately two years into Phillip's attendance at Benjamin B. Comegys. That eventual, delayed and limited

implementation came too late to produce the desired effects and results, which was to help protect and keep Phillip safe.

15. While at Benjamin B. Comegys, Plaintiff was able to get the IEP in place by the end of the 2017 school year, but Defendant Philadelphia School District deliberate indifference in disregarding the IEP and the necessity to implement the IEP until 2019; even then only in part. As part of the evaluation process for that IEP, the Philadelphia School District, through Comegys or their employees and/or agents, fully acknowledged that, as a result of Phillip's disabilities, there was a significant risk that Phillip would do himself harm.

16. While at Benjamin B. Comegys Public School, fellow students bullied him by calling him gay, "faggot," fat, worthless, ugly and other verbally abusive, demeaning, humiliating and derogatory terms every day. Phillip was also tripped, pushed and otherwise physically abused by his fellow students.

17. Moreover, Defendant's own evaluative documents of Phillip's disabilities clearly acknowledge, "Phillip's violent and disruptive behavior was the direct result of provocation by his peers." Therein acknowledging that Benjamin B. Comegys was fully aware with actual knowledge of the bullying, including verbal and physical abuse.

18. Despite knowing this, Benjamin B. Comegys and WES did nothing to protect Phillip. Not only did the Defendants do nothing to protect Phillip, the Defendants inexplicably and repeatedly suspended Phillip for conflict with other students, that was brought about by the other students' relentless bullying, including verbal and physical abuse.

19. Following this ruthless provocation, of which the school was undeniably aware, Phillip would attempt to protect himself, something the Defendants were required to do. This happened repeatedly, and each time it did, Phillip's mother called the school and tried to

4

communicate that these events were the product of the bullying endured by her son. Mr. Breelove, the individual at Comegys responsible for suspensions, deliberate indifference to properly investigate and ultimately failed in protecting Phillip.

20. As a result, far from intervening in the abuse Phillip suffered at the hands of his classmates, Defendants in general and Mr. Breelove specifically, emboldened and enabled Phillip's abusers by punishing the victim and ignoring the reports of his mother.

21. Eventually, as a result policies and practices of Defendant School District of Philadelphia's Comegys School, Phillip's bullies felt secure in their abuse, knowing that it was Phillip that would be punished for it. This pattern created a completely toxic, hostile, and dangerous school environment for Phillip, and he received no help from those mandated to ensure his safety and wellbeing.

22. Phillip was in fifth grade when the IEP was finally put in place. The IEP included that Phillip would receive a small class setting, and would potentially be transferred to another school. It also included that he needed to be in special testing, one-on-one learning would occur and a safety plan would be put in place in 2017. The IEP unexplainably was not put in place until March 2019, despite Phillip's clear learning disability and safety needs, in large part due to the abuse and bullying he was suffering from. There is no evidence to suggest that the School District of Philadelphia and Comegys School complied with, let alone, substantially complied with that IEP.

23. Additionally, there was one-on-one counseling mandated by the IEP, through Defendant WES, which only occurred occasionally, rather than the thirty-minutes a week proscribed by the IEP.

24. The IEP also committed to teaching Phillip skills for managing his stress and negative feelings; there was no effort made in this regard. This was to take the form of 1500 minutes of emotional support, according to Phillip's IEP, which Philip definitively did not receive.

25. Phillip's learning disability affected his involvement and progress in the general education curriculum, according to the initial IEP evaluation report, in that he had a learning disability in the areas of working memory and retaining information. The report indicated that he required specially-designed instruction, lots of repetition, demonstrative teaching, daily review and guided practice to reinforce his learning. He reportedly made minimal progress within the general education setting due to his frequent misbehavior and absences, which stemmed from the pervasive bullying and abuse he endured in the School District of Philadelphia .

26. The counseling services that were previously offered to Phillip at Hearttramp were transferred over to Comegys School and he was told he could "go anytime", with no scheduled counseling or formal meeting—a direct violation of the requirements of his IEP.

27. Phillip would often miss school because of the fear of persistent bullying and physical abuse he endured while at school.

28. On April 5, 2019, the counselor at Defendant Comegys School, as a part of Defendant WES Health Services, was informed by a visibly upset and emotional Phillip that he needed to speak to her and the counselor turned him away, saying something like, "I am handling something" and/or, "I am too busy." Phillip was turned away in spite of Defendant WES Health System's knowledge that Philip was at risk of harming himself. Phillip left school early that day.

29. Later that same day, Phillip was found by his minor brother J.S., hanging from a belt wrapped around his neck and attached to his bunk bed. J.S. could not get him untied, and ran for Phillip's mother who removed the belt from his neck and immediately called 911. Phillip was

taken to the hospital, where all attempts to revive him were unsuccessful. He was pronounced dead on April 5, 2019.

30. As a result of the Defendants' negligence, gross negligence and deliberate indifference in failing to adequately and/or appropriately implement Phillip Spruill's IEP, and failure to intervene in the ruthless abuse and bullying Phillip suffered from and of which Defendants were aware, Phillip was caused to suffer severe psychological and emotional distress, which resulted in his death. Plaintiff has incurred medical expenses and his family will continue to incur severe, lifelong emotional distress as a result of Defendants' failures and breaches.

## COUNT I
## VIOLATIONS OF TITLE IX OF THE AMERICANS WITH DISABILITIES ACT
## PLAINTIFF LINDA SPRUILL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILLIP SPRUILL v. DEFENDANT PHILADELPHIA SCHOOL DISTRICT

31. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

32. It is beyond dispute, and fully acknowledged by Defendant School District of Philadelphia's Comegys School in their evaluation of Phillip, and by the existence of an IEP, albeit inexcusably late in its implementation, that Phillip was disabled for purposes of the Americans with Disabilities Act.

33. As a direct and proximate result of Defendant School District of Philadelphia's deliberate indifference to known acts of harassment, bullying and abuse, so severe, pervasive, and objectively offensive within its school, that Phillip was effectively barred access to educational opportunity and educational benefits in violation of Title IX.

34. The bullying and abuse of Phillip occurred during school hours and on school district property, placing these events under the operation of Defendant School District of Philadelphia. Defendant School District of Philadelphia, through the Comegys School, exercised significant control over both Phillip and his harassers, bullies, and peers. That harassment, abuse,

and/or bullying, of which Defendant was fully aware, was severe enough to have the systemic effect of denying Phillip access to equal educational opportunity.

WHEREFORE, Plaintiff, Linda Spruill, demands judgment against Defendants, a sum in excess of $50,000 in compensatory damages, punitive damages, interest, costs and attorney fees.

## COUNT II
## VIOLATIONS OF § 504 OF THE REHABILITATION ACT
## PLAINTIFF LINDA SPRUILL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILLIP SPRUILL v. DEFENDANT PHILADELPHIA SCHOOL DISTRICT

35. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

36. It is beyond dispute, and fully acknowledged by Defendant School District of Philadelphia in their evaluation of Phillip, and shown by the existence of an IEP, that Phillip was disabled for purposes of the Americans with Disabilities Act.

37. Despite his disability, Phillip was otherwise fully qualified to participate in school activities.

38. Defendant School District of Philadelphia receives Federal Financial assistance that is, at least in part, intended to allow the school to accommodate and provide opportunity for children with disabilities.

39. Phillip was excluded from participation in, and denied the benefits of, a free and appropriate education and was subject to discrimination while at school. Failure to effectively and substantially implement Phillip's IEP amounts to a denial of benefits under the Rehabilitation act.

WHEREFORE, Plaintiff, Linda Spruill, demands judgment against Defendants, a sum in excess of $50,000 in compensatory damages, punitive damages, interest, costs and attorney fees.

## COUNT III
## VIOLATION OF 42 U.S.C.A. § 1983

**PLAINTIFF LINDA SPRUILL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILLIP SPRUILL v. DEFENDANT SCHOOL DISTRICT OF PHILADELPHIA**

40. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

41. Phillip Spruill had the right to equal protection of the laws and an educational environment that was free from sexual harassment pursuant to the Fourteenth Amendment to the United States Constitution and Title IX.

42. Defendant, while acting under the color of state law, violated these rights and unlawfully discriminated against Phillip and subjected him to disparate treatment.

43. Pursuant to 42 U.S.C.A. § 1983, Defendant, acting under the color of state law, deprived Phillip of a right secured by the Constitution in denying him the educational benefits meant to be secured by his IEP.

   (a) Defendant had a Policy in place involving the implementation of Individualized Education Plans. Additionally, Defendant School District of Philadelphia had a policy in place of suspending the victim of bullying and physical abuse (Phillip), while failing to hold his abusers accountable, thereby failing to protect and keep Phillip safe.

   (b) Such defective policy caused a violation to Phillip's constitutional rights.

44. In allowing the bullying, harassment and/or abuse to continue and failing to appropriately supervise Phillip and his peers, Defendant violated the Due Process Clause of the Fourteenth Amendment through the State Created Danger Theory.

   (a) As a result of Defendants failures and despite Plaintiff Linda Spruill's attempts to bring attention to the abuse, bullying and harassment he consistently endured, the harm was ultimately a proximate cause of Phillip's death by suicide. This death of an eleven-year-old child was foreseeable by Defendants.

   (b) Defendants acted with a degree of culpability that shocks the conscience in deliberately failing to act on the abuse, bullying, and/or harassment of Phillip, and failing to implement his IEP.

(c) As a student of the School District of Philadelphia, there existed a special relationship between the state and Phillip such that the Phillip was a foreseeable victim of Defendant's acts and failures to act.

(d) Defendant affirmatively used authority in a way that created a danger to Phillip in refusing to acknowledge various requests for help and emboldening the boy's attackers, thus rendering him more vulnerable to the danger than had Defendant tended to his requests and adhered to his IEP as required.

45. Defendant should have recognized as necessary the protection of Phillip's person.

46. Phillip suffered physical and psychological harm as a result of the Defendants' failure to exercise reasonable care to perform it's undertaking.

WHEREFORE, Plaintiff, Linda Spruill, demands judgment against Defendant, a sum in excess of $50,000 in compensatory damages, punitive damages, interest, costs and attorney fees.

### COUNT IV
### NEGLIGENCE
### PLAINTIFF LINDA SPRUILL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILLIP SPRUILL V. WES HEALTH SERVICES

47. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

48. The Defendant WES at all times pertinent hereto had a duty to exercise reasonable care so as to supervise Phillip and also to supervise and control the conduct of third persons who might come into contact with Phillip so as to prevent harm to Phillip while in the Defendants care.

49. The negligence, gross negligence, deliberate indifference, carelessness, recklessness and willful misconduct of all Defendant WES includes:

(a)  failing to oversee, supervise and/or monitor Phillip for his safety and wellbeing;

(b)  failing to oversee, supervise and/or monitor students who abused, bullied, and/or harassed Phillip;

(c)  failing to oversee, supervise and/or monitor Phillip so as to allow him to be the subject of physical and emotional abuse by his peers;

(e) depriving Phillip of safety in failing to appropriately implement and comply with the IEP for him;

(f) failing to timely implement Phillip's IEP;

(g) failing to acknowledge and address reports of the bullying suffered by Phillip, instead emboldening his abusers by punishing Phillip, rather than those responsible his abuse and/or bullying;

(h) failing to provide Phillip with the mental health treatment mandated by Phillip's IEP;

(i) failing to provide regular training and coaching on emotional skills, as mandated by Phillip's IEP; and/or

(j) turning Phillip away from mental health support and/or treatment, even after he communicated he was in distress and was in desperate need of it;

50. As a proximate and legal result of these failures and breaches, Phillip suffered damages and harm as outlined in the aforementioned paragraphs.

WHEREFORE, Plaintiff, Linda Spruill, demands judgment against Defendants, a sum in excess of $50,000 in compensatory damages, punitive damages, interest, costs and attorney fees.

## COUNT V
## WRONFUL DEATH AND SURVIVAL CLAIMS
## PLAINTIFF LINDA SPRUILL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILLIP SPRUILL v. ALL DEFENDANTS

51. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

52. Defendants' knowledge of Phillip's bullying, abuse and/or harassment that he endured each day, failure to properly administer and follow his IEP, failure to timely implement his IEP, and denial of counseling—both mandated by his IEP and explicitly requested by Phillip—constitute willful misconduct, as Defendants' awareness of Phillip's mental distress and refusal to act is a proximate cause of his death.

53. Defendant WES was fully aware of Phillip's IEP and its requirements concerning his, at times, immediate need for counseling. Despite this, when Phillip presented himself in clear

distress, Defendant WES turned Phillip away and denied him the very treatment and/or counseling that could have saved his life. Not even hours after WES denied his required and requested services, Phillip took his own life.

54. Defendants knew of the bullying and abuse Phillip was suffering from and both Defendants failed to act to protect Phillip. Moreover, Defendants failed to notify the authorities and/or child protective services concerning the abuse Phillip was suffering. In short, the Defendants did absolutely nothing to protect Phillip and put an end to the systematic bullying and abuse he was suffering from.

55. Plaintiff specifically avers that the violations displayed by the Defendants were substantially more than ordinary carelessness, inadvertence, laxity, or indifference, but rather deliberate indifference and willful misconduct for the following reasons:

   (a) Defendants were put on notice of the bullying, harassment and/or abuse being suffered by Phillip from a variety of other individuals under the control and supervision of the Defendants;

   (b) Defendants elected to not respond adequately (i.e. failed to properly implement Philip's IEP, failed to properly intervene in the bullying) in spite of that knowledge;

   (c) Defendant WES deliberately engaged in a course of conduct that made Phillip's position more dangerous than had they done nothing.

WHEREFORE, Plaintiff, Linda Spruill, demands judgment against Defendants, individually and/or jointly and severally, a sum in excess of $50,000 in compensatory damages and punitive damages as permitted by law, exclusive of pre-judgment interest, post-judgment interest and costs.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the 7th Amendment of the Constituion of the United States, Plaintiffs hereby demand a trial by jury of all issues triable as of right by jury in the above action.

Respectfully Submitted,

BY: s/ _____
Brian D. Kent, Esquire (Pa. ID No. 94221)
Gaetano A. D'Andrea, Esquire (Pa. ID No. 208905)
Jillian P. Roth, Esquire (Pa. ID No. 325987)
LAFFEY BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
Telephone: (215) 399-9255
Facsimile (215) 841-8700
Email: bkent@laffeybuccikent.com

Attorneys for Plaintiffs

Date: March 11, 2021